# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

FILED

SEP 25 2020

Clerk U S District Court
By:_____
Deputy Clerk

LAMAR R. STEELE JR.

    Plaintiff

V.

Case No. _____

20-3244-SAC

The CITY OF TOPEKA KANSAS and

CODY BURGER, DEVIN VEIRGERVER

JARED STRATHMAN, AND RYAN TOLBERT

    Defendants

## COMPLAINT

## JURY TRIAL DEMANDED

## INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by the Plaintiff to redress violations of rights to be free from unreasonable search and seizure, mental anguish, pain and suffering, and without any probable cause, in which is guaranteed by the United States Constitution, the laws of the United States of America and Kansas State Law by the Defendants.

2. This action arises under 42 U.S.C. & 1983.

## JURISDICTION AND VENUE

3. tHIS COURT HAS JURISDICTION TO HEAR THIS MATTER PURSUANT TO 42 u.s.c. && 1331 AND 1343 TO REDRESS THE UNLAWFUL SEARCH, SEIZURE, DEFAMATION OF CHARACTER, AND DEPRIVATION OF LIFE AND LIBERTY.

4. The unlawful practices and actions alleged below were committed in the state of Kansas and venue isd properly laid in this Court by virtue of 28 U.S. &1391(b).

## PARTIES

5. Plaintiff, Lamar Ray Steele, Jr is an African American citizen of the United States of America currently residing in Leavenworth, Kansas.

6. Defendant, City of Topeka, Kansas, is a municipally created by laws of the State of Kansas, acts under authority conveyed under state law and is in part responsible for the unlawful acts complained herein.\

7. Defendant, Cody Burger, was acting as a City of Topeka Police Officer under authority conveyed to him, by at all times relevant hereto, the State of Kansas and was in part responsible for the unlawful acts complained of herein.

8. Defendant, Jared Strathman, was acting as a City of Topeka Police Officer under authority conveyed to him, by at all times relevant hereto, the State of Kansas and was in part responsible for the unlawful acts complained of herein.

9. Defendant, Devin Veirgever, was acting as a City of Topeka Police Officer under authority conveyed to him, by at all times relevant hereto, the State of Kansas and was in part responsible for the unlawful acts complained of herein.

10. Defendant, Ryan Tolbert, was acting as a City of Topeka Police Officer under authority conveyed to him, by at all times relevant hereto, the State of Kansas and was in part responsible for the unlawful acts complained of herein.

11. Plaintiff submits his Motion To Suppress that was filed April 2nd, 2019, case no 18 CR-40088HLT as a exhibit to explain the following.

12. Plaintiff submits his federal sentencing transcripts to provide full disclosure of the governments position on these allegations which transpired on July 2nd, 2019.

13. The arrest was in violation of Mr. Steele's 4th Amendment rights and the government agreed in part on numerous issues, (see continuance request from Government).

14. Mr. Steele's life was completely and permanently disrupted due to his conviction and subsequent incarceration.

15. The failure of the City to train and properly supervise Defendants Burger, Strathman, Viergerver, and Tolbert caused the making of illegal search and seizure, no probable cause and submitting

false information to the judge in order to obtain a warrant.

16. At sentencing the government provided full disclosure to the judge in regards to the polices conduct which ulimately should satisfy the court that defendants rights were clearly violated.

17. The City of Topeka policy and practice of not recording supervisor direction caused the unlawfgul arrest of Mr, McKnight and the deprivation of his Constitutional rights to liberty and freedom from unlawful search and seizure under the 4th and 14th Amendments.

18. The policy encourages deprivation of citizen rights by not preserving the true motivation for official police action.

19. As a direct result of Defendants Burger, Strathman,Viergerver, and Tolberts' reckless indifference to Plaintiff's rights and the established policy and practices of the City of Topeka, Mr. Steele unlawfully spent over 8 months in Federal Custody.

20. Plaintiff experienced a complete deprivation of liberty, opportunity for a normal life and the pleasures of a typical human experience that all perople enjoy as a matter of right. Plaintiff suffered mental distress, loss of relationships, and the missing of important life events.

21. In addition, Plaintiff also suffered the loss of income and career opportunities, humiliation, indignities, and embarrassment that follow directly from conviction and incarceration.

## LEGAL CLAIMS

**COUNT 1**- Claims against Defendants Tolbert, Veirgerver, Burger, and Strathman

22. Plaintiff incorporates by reference the allegations contained in the above stated as if fully set forth herein.

23. Defendants Burger, Tolbert, Strathman, and Viergerver at all times relevant to this matter were acting under color of state law, or authority granted to them by the State of Kansas and their actions are for purposes of 42 U.S.C. & 1983 state action.

24. Plaintiff has clearly established federally protected rights to be free from unlawful and unreasonable search and seizure. Any violation of those rights is a direct violation of the Constitution of the United States and the Kansas Bill of Rights.

25. As trained Law Enforcement Officers, Burger, Tolbert, Strathman, and Viergerver knew or should have known that being free from unlawful and unreasonable detention, arrest without probable cause, aand unreasonable search and seizure is a clearly established

federally protected right.

26. Officer Burger, Tolbert, and Strathman knew that there wasnt any probable cause to invade onto Mr. Steeles' property and search his premises without probable cause or a warrant and then to order him out of his house at gun point with no clothes on, in which his rights were violated at that point in full view of several officers, suffering from pure humiliation.

27. There was no probable cause to support the arrest.

28. The Defendants searched Mr. Steele unlawfully and seized Mr. Steele unlawfully ande without probable cause.

29. The unlawful detention, arrest, search, and seizure conducted by the individuals defendants was in reckless disregard of Mr. Steeles' Constitutional rights under the 4th and 14th Amendments.

30. As a result of theses unlawful acts, Plaintiff has sustained serious losses, has suffered emotional pain, suffering, mental anguiish, loss of enjoyment of life, humiliation and other nonpecuniary losses as a direct result of the unlawful conduct of the defendants Burger, Tolbert, Strathman, and Viergerver.

31. Plaintiff has thereto instituted this action to obtain appropriate relief as provided under all applicable Federal and State statutes.

**Count 2- Claims against Defendant City of Topeka**

32. Plaintiff incorporates by refernece the allegations contained in paragraphs above as if fully set forth herein.

33. Defendant City of Topeka appointed Bill (William) Cochran as the Chief of Police and effectually explicitly made him the final policymaker for the Topeka Police Department.

34. Topeka Police Department Policy and Procedure Manual (TPD Manual) Section 1.1.2 identifies the Chief of Police as being "responsible for issuing, modifying, approving, and rescinding all written Department directives."

35. The TPD Manual explicitly acknowledges the sole authority of the Chief of Police in issuing and modifying the manual policies. (TPD Manual Section 1.1.4A.).

36. Section 1.2.3 of the Manual further acknowleges the establishment of a Police in issuing

and modifying manual policies. (TPD Manual Section 1.1.4.A.).

37. Section 1.2.3. of the Manual further acknowledges the establishment of the Training Unit "responsible for all training of employees." that is cvommanded by the Executive Assistant to the Chief of Police.

38. The City of Topeka is liable for the actions of the Chief of Police as the final policymaker under 42 USC & 1983.

39. The Policy enacted in Section 2.4 of the Manual was approved and signed off on by Chief of Police, Bill (William) Cochran.

40. The Chief of Police, having prior experience as an officer of the Kansas City Kansas Police Department and being appointed to the position of Chief of Police of the Topeka Police Department, knew or should have known that the misuse of a policy such as that in Section 2.4 of the Manual would result in the deprivation of righjts granted to citizens by the Constitution of the United States and the Kansas Bill of Rights.

41. Plaintiff has sustained serious losses, has suffered emotional pain, suffering, inconvience4, mental anguish, loss of enjoyment of life, humiliation and other nonpecuniary losses as a direct result of the Defendant City of Topeka's policy.

42. Plaintifff has therefore instituted this action to obtain appropriate relief as provided under all applicable Federal and State statutes.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays this Court:

a. Enjoin the Defendants, City of Topeka, and its officers, agents, successors, emmployees,attorneys, and other representatives, and those acting in concert with and at its discretion from continuing or maintaining any policy or practices, specifically including those herein alleged which deprive or have the effect of depriving citizens of the right to be free from unlawful detention, arrest, search and seizure without actual probable cause in violation of the United States Constitutions under 42 U.S.C &1983.

b. Order the Defendant, City of Topeka, and its officers, agents, successors, employees, attorneys, and other representatives, and those acting in concert with and at its discretion to establishing and maintaining adequate training protocols to ensure that

they do not further deprive citizaens of their rights under the United States Constitution.

c. Order the Defendant, City of Topeka, and its officers, agents, successors, employees, attorneys, and their other representatives, and thise acting in concvert with and at its discretion to establishing and maintaining adequate supervision to ensure that they do not further deprive citizens of their rights under the United States Constitution.

d. Order the Defendant to make whole the Plaintiff, adversely affected by the practices herein above described by awarding compensatory damages for emotional pain, suffering, inconvienece, mental anguish and other non-pecuniary losses.

e. Order defendants to compensate Plaintiff for damages sustained due to the illegal arrest and subsequent loss of liberty for 8 months of incarceration in federal custodfy, in an amount excess of seventy-five thousand dollars ($75,000.00), as a direct result of Defendant's conduct.

f. Award Plaintiff punitive damages against the individually named Defendants for reckless indifference of Plaintiff's Constitutional rights in an amount in the excess of seventy0five thousand dollars ($75,000.00)

g. Award Plaintiff the cost of this action plus reasonable attorney's fees pursuant to 42 U.S.c. & 1988, IF counsel is appointed.

h. Grant such additional relief as the Court may deem just and proper in the premises.

Respectfully Submitted,

/s/ *Lamar Ray Steele Jr*

Lamar Ray Steele Jr

100 Highway Terrace

Leavenworth, Kansas 66048

Pro-Se

## DESIGNATION OF PLACE OF TRIAL

**COMES NOW**, the Plaintiff, and designates Topeka, Kansas as the place for trial in the above matter.

## DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff and demands trial by a jury of twelve (12) individuals in this matter, to the extent allowed by law,

Respectfully Submitted,

/S/Lamar Ray Steele Jr

100 Highway Terrace

Leavenworth, Kansas 66048